[Criminal No. 908. Filed May 20, 1941.]

[113 Pac. (2d) 649.]

THE STATE OF ARIZONA, Plaintiff, v. EVERETT FRYE, Defendant.

Mr. Richard F. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Plaintiff.

Mr. W. T. Choisser, for Defendant.

McALISTER, J.—Everett Frye was found guilty by a jury of the crime of gaming with a roulette wheel and, following the denial of a new trial, he filed a motion asking the trial court to certify the case to the supreme court to present to it the questions of

law arising therein. Thereupon the court entered the following order:

"Upon considering of the motion to certify as filed herein by the defendant and the trial court being of the opinion that the questions of law arising herein are so important and doubtless as to require the decision of the Appellate Court,

"IT IS HEREBY ORDERED that the cause herein be certified to the said Appellate Court to present the questions of law arising herein."

This certification was made under the provisions of section 44–2401, Arizona Code of 1939, which reads as follows:

*"When case to be certified to the appellate court.*— If upon a motion to quash an indictment or information or any count thereof or if after verdict or finding of guilty but before sentence any question of law shall arise which in the opinion of the trial court is so important and doubtful as to require the decision of the appellate court, the trial court may, if the defendant consents, certify the case to the appellate court so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in the cause shall be stayed to await the decision of the appellate court."

The county attorney has moved to dismiss the cause upon two grounds: First, it was not certified before sentence as required by section 44–2401, *supra,* but on the day and at the hour which had been theretofore fixed by the court for imposition of sentence; second, the certification is not in proper form, in that no specific question or questions of law have been certified, but on the contrary, the entire case except a transcript of the testimony has been sent up.

If any question of law arises after a finding of guilty but before sentence which, in the opinion of the trial court, is so important and doubtful as to require the decision of the appellate court, the cause

may be certified to that court. The fact that certification is made on the very eve of the imposition of sentence is immaterial so long as it takes place before sentence, as it did in this case.

█ The second ground upon which dismissal is asked is more serious. The purpose of the provision permitting certification is to authorize the trial court to send to the supreme court for construction any specific question of law arising in the case that is so important and doubtful as to require its decision before proper action may be taken by that court. It was not intended that the entire record should be certified without a designation of the specific question of law the trial court wishes the supreme court to decide, and a certification that does not do this is insufficient. It was not contemplated by those responsible for this section that certification should take the place of appeal, or that the supreme court should be compelled to read the whole record in an attempt to find out for itself what in the trial court's mind the important and doubtful question of law is. A reading of the order discloses that the certification in this case does not advise the supreme court in this important particular, but leaves it to that court to ascertain this for itself if it can.

█ It might be well to suggest that it was contemplated by this section that the certification should be made upon the trial court's initiative. It was not the purpose that the defendant should start the proceeding by motion. His only part in it is to consent if the court wishes to certify, though the fact that he files a motion asking that this be done does not affect the court's power to act.

The motion to dismiss the certification is granted.

LOCKWOOD, C. J., and ROSS, J., concur.